**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

KRYO ENTERTAINMENT, LLC,      )
  a Florida limited liability company, and  )
                                      )
KRYOGENIFEX, INC.,             )    CASE NUMBER:_____
  a Florida corporation,          )
                                        )    JURY TRIAL DEMANDED
Plaintiffs,                    )
                                        )
v.                               )
                                        )
KRYO GEAR LLC,              )
  An Indiana limited liability company,   )

Defendant.
_____

**COMPLAINT**

Plaintiffs KRYO ENTERTAINMENT, LLC and KRYOGENIFEX, INC. (the "Plaintiffs"),

hereby file this Complaint for Trademark Infringement, Cyberpiracy, Unfair Competition and

Deceptive and Unfair Trade Practices and sue Defendant KRYO GEAR LLC (the "Defendant")

(each, the "Party" and collectively, the "Parties") and state:

      1.      This is an action for a violation of a federally registered trademark, common law

trademark rights and cyberpiracy under 15 U.S.C. §§ 1114; 1116, 1117; and 1125; trademark

infringement and unfair competition under the common law of Florida; and deceptive and unfair

trade practices under Fla. Stat. §§ 501.201 *et. seq.*

**THE PARTIES**

      2.      Plaintiff KYRO ENTERTAINMENT, LLC is a limited liability company organized

and existing under the laws of the State of Florida, with its principal place of business in Key

Biscayne, Florida.

Case No. _____

3.      Plaintiff KYROGENIFEX, INC. is a corporation organized and existing under the laws of the State of Florida, with its principal place of business in Miami, Florida.

4.      Upon information and belief, Defendant is a limited liability company organized and existing under the laws of the State of Indiana and has been conducting business since January 4, 2016 under the trade name "Kryo Gear."

5.      Upon information and belief, Defendant operates a website at the URL <www.kryogear.com> where insulated drinkware products are offered for sale under the designation "KRYO" and design (the "Kryo Gear Designations"):

# KRYO❄

6.      Defendant's website <www.kryogear.com> is accessible throughout the country, including Miami-Dade and Broward County, Florida, and upon information and belief Defendant offers its products for sale to consumers located in Miami-Dade and Broward County Florida.

7.      Upon information and belief, Defendant advertises or had advertised its products under the Kryo Gear Designations on numerous third party websites, including <www.wayfair.com>;        <www.touchofmodern.com>;        <www.amazon.com>; <www.instagram.com>; and <www.linkedin.com>, each of which are accessible throughout the country, including Miami-Dade and Broward County, Florida.

Case No. _____

## JURISDICTION

8.     This Court has jurisdiction over the asserted trademark and cyberpiracy claims under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a), and jurisdiction over all related unfair competition claims under 28 U.S.C. § 1338(b).

9.     All other claims asserted in this action arise out of the same transaction or occurrence, so this Court has supplemental jurisdiction over all additional claims asserted in this action under 28 U.S.C. § 1367(a).

10.     Personal jurisdiction is proper pursuant to Fla. Stat. § 48.193(1)(b) because Defendant has "[c]ommitt[ed] a tortious act within this state" by operating a website at the URL <www.kryogear.com> and advertising its goods under the Kryo Gear Designations on websites that are accessible and offer goods for sale in this District.

## VENUE

11.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## BACKGROUND

12.     For over 20 years, Plaintiff KRYOGENIFEX, INC. has engaged in the business of providing atmospheric effects for the entertainment industry.

13.     Plaintiff KRYOGENIFEX, INC. has engaged in the related business of selling products for culinary use since 2007.

14.     Plaintiff KRYOGENIFEX, INC. offers its atmospheric effects services and culinary products under the following numerous registered trademarks and also common law trademarks, all of which include the common characteristic "KRYO" (the "KRYO Marks"):

Case No. _____

| TRADEMARK | Serial No. | Reg. No. | Goods and Services |
|---|---|---|---|
| KRYO | 76563707 | 2928564 | IC 011: Special effect clouds generators and component parts thereof, used at nightclubs and event venues |
| KRYOGENIFEX | 85468154 | 4189596 | IC 011: special effects system comprised of conduits in the form of cryogenic vaporizers for storing cryogenic fluids and transporting the fluids via a series of outlets to generate a controlled and concentrated cloud or fog-like effect in a defined area |
| KRYOGENIFEX Design   | 76708485 | 4231749 | IC 011: Special effects system for use as a vaporizer comprised of a cryogenic vaporizer, a control box, a optional humidifier, solenoids, metal pipelines and elbows, metal anchors and a fluid outlet |
| KRYOGUN | 85663744 | 4330896 | IC 011: Fog making machines |

4

Case No. _____

| TRADEMARK | Serial No. | Reg. No. | Goods and Services |
|---|---|---|---|
| KRYOKITCHEN | 85663802 | 4327255 | IC 011: Beverage-cooling apparatus; Ice cream makers; Ice machines and apparatus; Immersion style chiller for use in food processing, functioning as last bacteriological intervention point in the chilling system; Refrigeration equipment, namely, food and beverage chilling units; Refrigeration equipment, namely, rapid food chilling units |
| KRYOPAK | 85820775 | 4387800 | IC 011: Fog making machines |
| KRYOJET | 85820817 | 4387802 | IC 011: Fog making machines |
| KRYOSYSTEM | 85855842 | | IC 011: Fog making machines |
| KRYOBOT | 85875338 | 4392365 | IC011: Fog making machines |
| KRYOSTATION | 85916112 | 4450949 | IC021: Wheeled carts for use in preparation of frozen foods |
| KRYOSTATION | 86009104 | 4451536 | IC019: Non-motorized cart for storage of bowls and equipment |
| KRYOLAB | 86025169 | | Class 039: Laboratory; room for storing cryogenic products |

Case No. _____

| TRADEMARK | Serial No. | Reg. No. | Goods and Services |
|---|---|---|---|
| KRYOBOX | 86025143 | 4447992 | Class 009: Electric control panels; Electrical controllers; Electrical controlling Devices |
| KRYOUMBRELLA | 85900932 | 4552931 | IC 011: Fog generators; Fog machines; Fog making machines |
| KRYOCABANA | 86008332 | 4573580 | IC 022:  Canopies; Fabric cabanas; Tents |
| KRYOMIXER | 86008334 | 4447976 | IC 007: Electric Mixers; Electric mixers for household purposes; Kitchen machines, namely, electric standing mixers |
| KRYOTUBE | 86008337 | 4562672 | IC 021: Treated glass tube with metallic base designed to hold liquid nitrogen for food and drink preparation |
| KRYOSATELLITE | 85842697 | 4388169 | IC 011: Fog making machines |
| KRYOBAR | 86025174 | 4752502 | International Class 021: Barware, namely, cocktail shakers, bowls, glasses and plates |
| KRYOBAR Design  | 86197014 | 4605371 | International Class 021: Barware, namely, cocktail shakers, bowls, glasses and plates |

15.     Plaintiff KRYOGENIFEX, INC. registered the domain name <www.kryogenifex.com> on October 4, 1999 and has operated a website at that URL offering its services and products for sale under the KRYO Marks since that time.

16.     The KRYO Marks have been extensively advertised throughout the United States and foreign countries. Plaintiff KRYOGENIFEX, INC.'s services and products have met with popular approval as a result of extensive sales and advertising.

17.     The KRYO Marks have come to mean and are understood to mean the Plaintiff KRYOGENIFEX, INC. and its services and products only, and the KRYO Marks are strong and distinctive marks by which the goods and services of Plaintiff KRYOGENIFEX, INC. are distinguished from similar goods and services. This is true throughout the United States, including the State of Florida.

18.     Plaintiff KRYOGENIFEX, INC. registered the trademark "KRYO" with the United States Patent & Trademark Office for use in connection with special effect clouds generators and component parts thereof, used at nightclubs and event venues, which registration was issued on March 1, 2005 as U.S. Trademark Registration No. 2925864. Since that time, Plaintiffs have filed to register a total of twenty (20) KRYO Marks, eighteen (18) of which are registered (the "Registrations") and two (2) of which are approved and pending registration upon the filing and acceptance of a Statement of Use.

19.     Of the KRYO Marks, eight (8) list goods for culinary products.

20.     The Registrations are valid and subsisting, and Plaintiff KRYO ENTERTAINMENT, LLC is the owner of the Registrations.  Copies of the Registrations are attached to this Complaint as Exhibit "A" and are herein incorporated by reference.

21.     Upon information and belief, Defendant registered the domain name <www.kryogear.com> on or about January 4, 2016.

22.     Within the past year, Plaintiffs became aware that Defendant operates a website at the URL <www.kryogear.com> where insulated drinkware products are offered for sale under the mark Kryo Gear Designations.  A printout from Defendant's website on which the Kryo Gear Designations are displayed is attached to this Complaint as Exhibit "B" and is herein incorporated by reference.

23.     Defendant adopted the Kryo Gear Designations for use in connection with the sale of insulated drinkware products with notice of the prior use by Plaintiffs of the KRYO Marks.

24.     The Kryo Gear Designations are confusingly similar to Plaintiff KRYO ENTERTAINMENT, LLC's federally registered KRYO Marks.

25.     The mark Kryo Gear Designations are confusingly similar to Plaintiffs' common law KRYO Marks.

26.     Defendant adopted the trade name "Kryo Gear" with notice of the prior use by Plaintiffs of the KRYO Marks.

27.     The trade name Kryo Gear is confusingly similar to Plaintiff KRYO ENTERTAINMENT, LLC's federally registered KRYO Marks.

28.     The trade name Kryo Gear is confusingly similar to Plaintiffs' common law KRYO Marks.

29.     Defendant adopted the domain name <www.kryogear.com> with notice of the prior use by Plaintiffs of the KRYO Marks.

30.     The domain name <www.kryogear.com> is identical to or confusingly similar to Plaintiffs' KRYO Marks.

31.     Through the use of the domain name < www.kryogear.com>, Defendant diverts consumers from Plaintiffs' website for commercial gain.

32.     Defendant's use of the Kryo Gear Designations; the domain name <www.kryogear.com>; and the trade name Kryo Gear constitutes trademark infringement, unfair competition, cyberpiracy and deceptive and unfair trade practices under the laws of the United States and the State of Florida.

33.     Defendant's unlawful use of the Kryo Gear Designations; the domain name <www.kryogear.com>; and the trade name Kryo Gear have deprived the Plaintiffs of money and profits that they otherwise would have earned had the Defendant's illegal and improper conduct not occurred.

34.     Defendant's use of the Kryo Gear Designations; the domain name <www.kryogear.com>; and the trade name Kryo Gear are without the license or consent of the Plaintiffs.

35.     Unless restrained by this Court, Defendant will continue to infringe Plaintiffs' federally registered trademark and common law trademark rights, to Plaintiffs' irreparable injury.

36.     Plaintiffs have retained the undersigned law firm of Nancy J. Flint, Attorney At Law, P.A. to pursue this matter on their behalf, and they are obligated to pay a reasonable attorney's fee and costs and litigation expenses associated with the prosecution of this matter.

## COUNT I
## Trademark Infringement Under 15 U.S.C. § 1114(1) and 1125(a)

37.     Plaintiffs repeat the allegations of Paragraphs 1-36 as if fully set forth herein.

38.     Plaintiff KRYO ENTERTAINMENT, LLC is the owner of the KRYO Marks for use in connection with *inter alia* culinary products.

39.     Plaintiff KRYOGENIFEX, INC. has sold culinary products under the KRYO Marks since 2007.

40.     Defendant adopted the designation Kryo Gear and the design

# KRYO ❄

as trademarks for use in connection with the sale of insulated drinkware products with notice of the prior use by Plaintiffs of the KRYO Marks.

41.    The Kryo Gear Designations are confusingly similar to Plaintiff KRYO ENTERTAINMENT, LLC's federally registered KRYO Marks.

42.    The Kryo Gear Designations are confusingly similar to Plaintiffs' common law KRYO Marks.

43.    Defendant's use of the Kryo Gear Designations on its goods causes confusion, mistake and deception that Defendant's goods are affiliated, connected or associated with Plaintiffs, and that Defendant's goods originate with, are sponsored by or are approved by Plaintiffs.

44.    Defendant's use of the Kryo Gear Designations constitutes infringement of Plaintiff KRYO ENTERTAINMENT, LLC's federally registered trademark rights under the laws of the United States.

45.    Defendant's use of the Kryo Gear Designations constitutes infringement of Plaintiffs' common law trademark rights under the laws of the United States.

46.    Defendant adopted the trade name Kryo Gear with notice of the prior use by Plaintiffs of the KRYO Marks.

Case No. _____

47.     The trade name Kryo Gear is confusingly similar to Plaintiff KRYO ENTERTAINMENT, LLC's federally registered KRYO Marks.

48.     The trade name Kryo Gear is confusingly similar to Plaintiffs' common law KRYO Marks.

49.     Defendant's use of the trade name Kryo Gear causes confusion, mistake and deception that Defendant's goods are affiliated, connected or associated with Plaintiffs, and that Defendant's goods originate with, are sponsored by or are approved by Plaintiffs.

50.     Defendant's use of the trade name Kryo Gear constitutes infringement of Plaintiff KRYO ENTERTAINMENT, LLC's federally registered trademark rights under the laws of the United States.

51.     Defendant's use of the trade name Kryo Gear constitutes infringement of Plaintiffs' common law trademark rights under the laws of the United States.

52.     Defendant's use of the Kryo Gear Designations as a trademark is without the license or consent of the Plaintiffs.

53.     Defendant's use of the Kryo Gear trade name is without the license or consent of the Plaintiffs.

54.     Defendant's use of the Kryo Gear Designations as trademarks has deprived the Plaintiffs of money and profits that they otherwise would have earned had Defendant's illegal and improper conduct not occurred.

55.     Defendant's use of the Kryo Gear trade name has deprived the Plaintiffs of money and profits that they otherwise would have earned had Defendant's illegal and improper conduct not occurred.

56.      Plaintiffs have been harmed and will continue to be harmed by Defendant's infringement of their federally registered and common law trademark rights unless Defendant is enjoined from further use of the Kryo Gear Designations and the Kryo Gear trade name.

**COUNT II**
**Unfair Competition Under 15 U.S.C. § 1125(a)**

57.      Plaintiffs repeat the allegations of Paragraphs 1-36 as if fully set forth herein.

58.      Defendant adopted the Kryo Gear Designations as a trademark for use in connection with the sale of home fragrance, home décor, bath and body products and body fragrance products with notice of the prior use by Plaintiffs of the KRYO Marks.

59.      The Kryo Gear Designations are confusingly similar to Plaintiff KRYO ENTERTAINMENT, LLC's federally registered KRYO Marks.

60.      The Kryo Gear Designations are confusingly similar to Plaintiffs' common law KRYO Marks.

61.      Defendant's use of the Kryo Gear Designations on its goods causes confusion, mistake and deception that Defendant's goods are affiliated, connected or associated with Plaintiffs, and that Defendant's goods originate with, are sponsored by or are approved by Plaintiffs.

62.      Defendant's use of the Kryo Gear Designations constitutes unfair competition under the laws of the United States.

63.      Defendant adopted the trade name Kryo Gear with notice of the prior use by Plaintiffs of the KRYO Marks.

64.      The trade name Kryo Gear is confusingly similar to Plaintiff KRYO ENTERTAINMENT, LLC's federally registered KRYO Marks.

Case No. _____

65.    The trade name Kryo Gear is confusingly similar to Plaintiffs' common law KRYO Marks.

66.    Defendant's use of the trade name Kryo Gear causes confusion, mistake and deception that Defendant's goods are affiliated, connected or associated with Plaintiffs, and that Defendant's goods originate with, are sponsored by or are approved by Plaintiffs.

67.    Defendant's use of the trade name Kryo Gear constitutes unfair competition under the laws of the United States.

68.    Defendant's use of the Kryo Gear Designations is without the license or consent of the Plaintiffs.

69.    Defendant's use of the Kryo Gear trade name is without the license or consent of the Plaintiffs.

70.    Defendant's use of the Kryo Gear Designations as trademarks has deprived the Plaintiffs of money and profits that they otherwise would have earned had Defendant's illegal and improper conduct not occurred.

71.    Defendant's use of the Kryo Gear trade name has deprived the Plaintiffs of money and profits that they otherwise would have earned had Defendant's illegal and improper conduct not occurred.

72.    Plaintiffs have been harmed and will continue to be harmed by Defendant's infringement of their federally registered and common law trademark rights unless Defendant is enjoined from further use of the Kryo Gear Designations and the Kryo Gear trade name.

**COUNT III**
**Cyberpiracy Under 15 U.S.C. § 1125(d)**

73.    Plaintiffs repeat the allegations of Paragraphs 1-36 as if fully set forth herein.

74.     Plaintiff KRYO ENTERTAINMENT, LLC is the owner of the federally registered KRYO Marks for use in connection with *inter alia* culinary products.

75.     Plaintiffs have common law rights to use the KRYO Marks in connection with *inter alia* culinary products.

76.     Upon information and belief, Defendant registered the domain name <www.kryogear.com> on or about January 4, 2016.

77.     Defendant operates a website at the URL <www.kryogear.com> where it offers for sale insulated drinkware products under the Kryo Gear Designations.

78.     Defendant registered the domain name <www.kryogear.com> with notice of the prior use by Plaintiffs of the KRYO Marks.

79.     The domain name <www.kryogear.com> is identical to or confusingly similar to Plaintiffs' KRYO Marks.

80.     Through use of the domain name <www.kryogear.com>, Defendant diverts consumers from Plaintiffs' website for commercial gain.

81.      Defendant's use of the domain name < www.kryogear.com> creates a likelihood of confusion as to the source, sponsorship, affiliation or endorsement of its website by Plaintiffs.

82.     Defendant's use of the domain name <www.kryogear.com> constitutes cyberpiracy.

83.     Defendant's use of the domain name <www.kryogear.com> is without the license or consent of the Plaintiffs.

84.     Defendant's use of the domain name <www.kryogear.com> has deprived the Plaintiffs of money and profits that they otherwise would have earned had the Defendant's illegal and improper conduct not occurred.

Case No. _____

85.     Plaintiffs have been harmed and will continue to be harmed by Defendant's infringement unless Defendant is enjoined from further use of the domain name <www.kryogear.com>.

**COUNT IV**
**Trademark Infringement Under the Common Law of the State of Florida**

86.     Plaintiffs repeats the allegations of Paragraphs 1-36 as if fully set forth herein.

87.     Defendant adopted the Kryo Gear Designations as trademarks for use in connection with the sale of insulated drinkware products with notice of the prior use by Plaintiffs of the KRYO Marks.

88.     The Kryo Gear Designations are confusingly similar to Plaintiff KRYO ENTERTAINMENT, LLC's federally registered KRYO Marks.

89.     The Kryo Gear Designations are confusingly similar to Plaintiffs' common law KRYO Marks.

90.     Defendant's use of the Kryo Gear Designations on its goods causes confusion, mistake and deception that Defendant's goods are affiliated, connected or associated with Plaintiffs, and that Defendant's goods originate with, are sponsored by or are approved by Plaintiffs.

91.     Defendant's use of the Kryo Gear Designations constitutes infringement of Plaintiffs' common law trademark rights under the laws of the State of Florida.

92.     Defendant adopted the trade name Kryo Gear with notice of the prior use by Plaintiffs of the KRYO Marks.

93.     The trade name Kryo Gear is confusingly similar to Plaintiff KRYO ENTERTAINMENT, LLC's federally registered KRYO Marks.

94.    The trade name Kryo Gear is confusingly similar to Plaintiffs' common law KRYO Marks.

95.    Defendant's use of the trade name Kryo Gear causes confusion, mistake and deception that Defendant's goods are affiliated, connected or associated with Plaintiffs, and that Defendant's goods originate with, are sponsored by or are approved by Plaintiffs.

96.    Defendant's use of the trade name Kryo Gear constitutes infringement of Plaintiff KRYO ENTERTAINMENT, LLC's federally registered trademark rights under the laws of the State of Florida.

97.    Defendant's use of the trade name Kryo Gear constitutes infringement of Plaintiffs' common law trademark rights under the laws of the State of Florida.

98.    Defendant's use of the Kryo Gear Designations as a trademark is without the license or consent of the Plaintiffs.

99.    Defendant's use of the Kryo Gear trade name is without the license or consent of the Plaintiffs.

100.    Defendant's use of the Kryo Gear Designations as trademarks has deprived the Plaintiffs of money and profits that they otherwise would have earned had Defendant's illegal and improper conduct not occurred.

101.    Defendant's use of the Kryo Gear trade name has deprived the Plaintiffs of money and profits that they otherwise would have earned had Defendant's illegal and improper conduct not occurred.

102.    Plaintiffs have been harmed and will continue to be harmed by Defendant's infringement of their rights under the laws of the State of Florida unless Defendant is enjoined from further use of the Kryo Gear Designations and the Kryo Gear trade name.

Case No. _____

## COUNT V
### Unfair Competition Under the Common Law of the State of Florida

103.    Plaintiffs repeat the allegations of Paragraphs 1-36 as if fully set forth herein.

104.    Defendant adopted the Kryo Gear Designations as a trademark for use in connection with the sale of insulated drinkware products with notice of the prior use by Plaintiffs of the KRYO Marks.

105.    The Kryo Gear Designations are confusingly similar to Plaintiff KRYO ENTERTAINMENT, LLC's federally registered KRYO Marks.

106.    The Kryo Gear Designations are confusingly similar to Plaintiffs' common law KRYO Marks.

107.    Defendant's use of the Kryo Gear Designations on its goods causes confusion, mistake and deception that Defendant's goods are affiliated, connected or associated with Plaintiffs, and that Defendant's goods originate with, are sponsored by or are approved by Plaintiffs.

108.    Defendant's use of the Kryo Gear Designations constitutes unfair competition under the laws of the State of Florida.

109.    Defendant adopted the trade name Kryo Gear with notice of the prior use by Plaintiffs of the KRYO Marks.

110.    The trade name Kryo Gear is confusingly similar to Plaintiff KRYO ENTERTAINMENT, LLC's federally registered KRYO Marks.

111.    The trade name Kryo Gear is confusingly similar to Plaintiffs' common law KRYO Marks.

112.    Defendant's use of the trade name Kryo Gear causes confusion, mistake and deception that Defendant's goods are affiliated, connected or associated with Plaintiffs, and that Defendant's goods originate with, are sponsored by or are approved by Plaintiffs.

17

113.     Defendant's use of the trade name Kryo Gear constitutes unfair competition under the laws of the State of Florida.

114.     Defendant's use of the Kryo Gear Designations is without the license or consent of the Plaintiffs.

115.     Defendant's use of the Kryo Gear trade name is without the license or consent of the Plaintiffs.

116.     Defendant's use of the Kryo Gear Designations as trademarks has deprived the Plaintiffs of money and profits that they otherwise would have earned had Defendant's illegal and improper conduct not occurred.

117.     Defendant's use of the Kryo Gear trade name has deprived the Plaintiffs of money and profits that they otherwise would have earned had Defendant's illegal and improper conduct not occurred.

118.     Plaintiffs have been harmed and will continue to be harmed by Defendant's infringement of its rights under the laws of the State of Florida unless Defendant is enjoined from further use of the Kryo Gear Designations and the Kryo Gear trade name.

**COUNT VI**
**Deceptive and Unfair Trade Practices Under Fla. Stat. §§ 501.201 *et. seq.***

119.     Plaintiffs repeat the allegations of Paragraphs 1-36 as if fully set forth herein.

120.     Defendant adopted the Kryo Gear Designations as a trademark for use in connection with the sale of insulated drinkware products with notice of the prior use by Plaintiffs of the KRYO Marks.

121.     The Kryo Gear Designations are confusingly similar to Plaintiff KRYO ENTERTAINMENT, LLC's federally registered KRYO Marks.

Case No. _____

122.    The Kryo Gear Designations are confusingly similar to Plaintiffs' common law KRYO Marks.

123.    Defendant's use of the Kryo Gear Designations constitutes trademark infringement and unfair competition under the laws of the United States and the State of Florida.

124.    Defendant adopted the trade name Kryo Gear with notice of the prior use by Plaintiffs of the KRYO Marks.

125.    The trade name Kryo Gear is confusingly similar to Plaintiff KRYO ENTERTAINMENT, LLC's federally registered KRYO Marks.

126.    The trade name Kryo Gear is confusingly similar to Plaintiffs' common law KRYO Marks.

127.    Defendant's use of the trade name Kryo Gear causes confusion, mistake and deception that Defendant's goods are affiliated, connected or associated with Plaintiffs, and that Defendant's goods originate with, are sponsored by or are approved by Plaintiffs.

128.    Defendant's use of the trade name Kryo Gear constitutes unfair competition under the laws of the State of Florida.

129.    Defendant's use of the Kryo Gear Designations is without the license or consent of the Plaintiffs.

130.    Defendant's use of the Kryo Gear trade name is without the license or consent of the Plaintiffs.

131.    Defendant's use of the Kryo Gear Designations as trademarks has deprived the Plaintiffs of money and profits that they otherwise would have earned had Defendant's illegal and improper conduct not occurred.

Case No. _____

132.    Defendant's use of the Kryo Gear trade name has deprived the Plaintiffs of money and profits that they otherwise would have earned had Defendant's illegal and improper conduct not occurred.

133.    Plaintiffs have been harmed and will continue to be harmed by Defendant's infringement of its rights under the laws of the State of Florida unless Defendant is enjoined from further use of the Kryo Gear Designations and the Kryo Gear trade name.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court issue judgment in favor of Plaintiff and against Defendant and further requests an Order:

A. That Defendant, its agents, servants, employees, privies, successors, and assigns, and all claiming any rights through Defendant, be restrained during the pendency of this suit and afterwards, perpetually enjoined and restrained from:

i. Using the words "KRYO GEAR" or any designation including the word "KRYO" or any other colorable imitation of Plaintiff's federally registered and common law KRYO Marks in connection with the sale of insulated drinkware products and culinary products or goods similar to those of Plaintiffs;

ii. Using the words "KRYO GEAR" or any designation including the word "KRYO" or any other colorable imitation of Plaintiffs' federally registered and common law KRYO Marks in any domain name where insulated drinkware products and culinary products or goods similar to those of Plaintiffs are offered for sale; and

iii. Otherwise infringing Plaintiffs' federally registered and common law KRYO Marks.

B. That Defendant account to Plaintiffs and pay Plaintiffs all profits realized from the sale of products bearing the Kryo Gear Designations or any colorable imitation thereof.

Case No. _____

C. That Plaintiffs recover all damages sustained on account of Defendant's trademark infringement, cyberpiracy, unfair competition and deceptive and unfair trade practices.

D. That the domain name <www.kryogear.com> be transferred to Plaintiffs.

E. That all labels, signs, prints, packages, wrappers, receptacles and advertisements in the possession of Defendant bearing the Kryo Gear Designations, or any colorable imitation thereof, and all plates, molds, matrices and other means of making the same, be delivered to Plaintiffs and destroyed.

F. That Plaintiffs be awarded treble profits or damages, whichever is greater, under 15 U.S.C. § 1117.

G. That Plaintiffs be awarded its reasonable attorney's fees.

H. That Plaintiffs be awarded its costs of this suit.

**JURY TRIAL DEMANDED**

Respectfully Submitted,


/s/ Nancy J. Flint, Esq.
Nancy J. Flint, Esq., FBN 164623
NANCY J. FLINT, ATTORNEY AT LAW, P.A.
1856 N. Nob Hill Road, #424
Plantation, Florida 33322
Tel.:   (954) 812-0660
Fax:    (866) 517-9150
Email:  nancy@flintiplaw.com

Attorney for Plaintiffs KRYO ENTERTAINMENT,
LLC and KRYOGENIFEX, INC.